UNITED STATES ex rel. CALAMIA v. REDFERN, Immigration Com'r.

(Circuit Court, E. D. Louisiana. May 26, 1910.)

No. 13,789.

1. ALIENS (§ 54*)—DEPORTATION—LIMITATION.

Act Cong. March 3, 1903, c. 1012, § 21, 32 Stat. 1218, fixing three years as the period within which an alien unlawfully in the country might be deported, governs deportation of an alien who landed March 3, 1907.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 54.*]

2. ALIENS (§ 54*)—DEPORTATION—WARRANT—SUFFICIENCY.

A warrant for the deportation of an alien charged to be unlawfully in the country in violation of Act March 3, 1903, c. 1012, 32 Stat. 1213, and Act Feb. 20, 1907, c. 1134, 34 Stat. 898 (U. S. Comp. St. Supp. 1909. p. 447), is not insufficient because signed by the Assistant Secretary of Commerce and Labor instead of the Secretary.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 54.*]

3. ALIENS (§ 54*)—DEPORTATION—LIMITATION.

Under Acts Cong. March 3, 1903, c. 1012, 32 Stat. 1213, and Feb. 20, 1907, c. 1134, 34 Stat. 898 (U. S. Comp. St. Supp. 1909, p. 447), providing for the deportation of aliens unlawfully in the country within three years after landing, deportation need not be completed within that time, the government having the whole of the last day of the three years in which to make the arrest, and prescription being interrupted by the arrest, the government is entitled to a reasonable time in which to carry out the sentence of deportation.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 54.*]

4. ALIENS (§ 53*)—"PASSPORT"—EFFECT.

A passport from a foreign government to its citizen is merely written permission from the government to travel, and does not affect his status in the United States, in the absence of treaty provision, and hence is no defense to proceedings to deport him.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 53.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Application by the United States, on the relation of Guiseppe Calamia, against Samuel E. Redfern, Commissioner of Immigration, for a writ of habeas corpus. The writ having been discharged, relator moves for a new trial. Motion denied.

· Patorno & Denechaud, and Geo. Sladovich, for relator.
Charlton R. Beattie, U. S. Atty.

FOSTER, District Judge. In this case relator sued out a writ of habeas corpus alleging that he was unlawfully restrained of his liberty by the respondent, and that he was about to be illegally deported from the United States. He alleges that he arrived at the port of New York on March 3, 1907, and was duly admitted to the United States; that on February 26, 1910, he was arrested in New Orleans by an immigrant inspector upon a warrant from the Secretary of Commerce and Labor; that he was given a hearing immediately after his arrest, and was thereafter released on bond; that on March 2, 1910, his bondsmen were called upon for his surrender and he was taken into custody by respondent. He alleges certain irregularities as to the method of his examination immediately after his arrest, and urges particularly that it will be physically impossible to deport him from the United States within three years after his landing, and that, therefore, the immigration officers are without power in the matter. To this petition respondent made due return, denied any illegality in the arrest or examination of relator, and set up that prior to his entry into this country he had committed certain felonies in Italy involving moral turpitude, and had been convicted and sentenced to 20 years' imprisonment at hard labor. On the trial of the case the return to the writ was not traversed in any way, but on the contrary the facts set out therein were admitted to be true, so there is no doubt that relator belongs to one of the classes of aliens excluded from admission to the United States, both under the act of Feb. 20, 1907, c. 1134, 34 Stat. 898 (U. S. Comp. St. Supp. 1909, p. 447), and the act of March 3, 1903, c. 1012, 32 Stat. 1213. Upon this hearing of the case the writ of habeas corpus was discharged and relator remanded to the custody of respondent. The matter is now before me on an application for a new trial.

In addition to the matters set out in the original petition it is urged that relator was admitted into the United States under the act of March 3, 1903, and that said act fixes the limitation for deportation at two years, instead of three years as provided by the act of Feb. 20, 1907; that the warrant of deportation was not signed by the Secretary of Commerce and Labor, but was signed by one of his assistants, and is therefore void; that in the course of ordinary events the Secretary could not have examined the facts before issuing the warrant; that relator was in possession of a passport issued by the Italian government, and therefore is entitled to remain in the United States until such time as he may desire to return to Italy, and in the meantime should be considered under the special protection of the treaty, and not subject to deportation. It seems to me to be immaterial whether or not the limitation as to deportation is to be governed by

the act of March 3, 1903, or the act of Feb. 20, 1907. The act of 1907 is unambiguous, and fixes a period of three years after landing in which an alien, unlawfully in the country, may be deported. Section 20 of the act of 1903 fixes a period of two years, while section 21 of the same act fixes a period of three years. In this case I consider section 21 would govern.

The warrant under which relator is held sets up that he is unlawfully in the country in violation of both the acts of 1903 and of 1907, and I consider it sufficient in form. Nor is it a defect that it is signed by the Assistant Secretary of Commerce and Labor. See Rev. St. § 177 (U. S. Comp. St. 1901, p. 90); Marsh v. Nichols, Shepard & Co., 128 U. S. 615, 9 Sup. Ct. 168, 32 L. Ed. 538; United States v. Peralta, 19 How. 347, 15 L. Ed. 678.

It is urged with great earnestness by counsel for relator that as it was physically impossible to deport him from the United States within three years from the time he entered, when he was surrendered by his bondsmen, that he cannot be deported at all, as the law should be held to be that an alien must be both arrested and deported within three years. I cannot agree with this view. I consider the government should have the whole of the last day of the three years in which to make the arrest, and, prescription being interrupted by the arrest, the government is entitled to a reasonable time in which to carry out the sentence of deportation.

Relator's contention in regard to the privileges accorded him by virtue of his passport is entirely without merit. The passport is, at most, a written permission from his government to travel, and, in the absence of express treaty provisions, has no effect upon his status at all. As no pertinent provision of the existing treaties has been pointed out, I assume there is none. The other contentions of relator are equally without merit.

The motion for a new trial will be denied.