INTERNATIONAL MERCANTILE MARINE CO. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit.    January 9, 1912.)

No. 93.

ALIENS (§ 57*)—DEPORTATION—TIME—COST—LIABILITY OF STEAMSHIP COMPANY.

Act Feb. 20, 1907. c. 1134, § 20, 34 Stat. 898 (U. S. Comp. St. Supp. 1909. p. 459), provides that any alien entering the United States in violation of law shall be taken into custody and deported, at any time within three years after the date of his entry, from the port of entry. at the expense of the owner or owners of the vessel or transportation line by which he came into the country, and section 21 declares that in case the Secretary of Commerce and Labor shall be satisfied that an alien has been found in the United States in violation of law, or that an alien is subject to deportation, he shall cause such alien within three years after landing or entry to be taken into custody and returned to the country from whence he came as provided by section 20, and provides punishment for failure or refusal of the masters, agents, owners, or consignees of a vessel to comply with such order of deportation. *Held*, that where an alien unlawfully in the country was arrested before the expiration of three years from the date of his entry. but was not offered to the steamship company for deportation until after the three years had expired, though within a reasonable time after his arrest. the steamship company was not bound to deport him at its own expense.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 114; Dec. Dig. § 57.*]

In Error to the Circuit Court of the United States for the Southern District of New York.

Action by the United States against the International Mercantile Marine Company.    Judgment (186 Fed. 669) for plaintiff, and defendant brings error.    Reversed and remanded.

Burlingham, Montgomery & Beecher (Wm. S. Montgomery and Roderick Terry, Jr., of counsel), for plaintiff in error.

Henry A. Wise, U. S. Atty. (Addison S. Pratt, Asst. U. S. Atty., of counsel), for the United States.

Before COXE, WARD, and NOYES, Circuit Judges.

COXE, Circuit Judge.    This is a writ of error to the Circuit Court for the Southern District of New York to review an order overruling a demurrer.    The action was brought by the United States to recover $87.50 paid to the defendant for the transportation of three aliens from this country to Europe.    The parties will be alluded to in this opinion as they appeared in the court below.

On November 29, 1907, the aliens were landed at the port of New York from the "Merion," one of the defendant's vessels.    On November 22, 1910, they were taken into custody at Detroit, Mich., upon warrants issued by the Secretary of Commerce and Labor.    On December 3, 1910, the Secretary ordered their deportation at the expense of the defendant and on December 6, 1910, the defendant was notified of the order and was required to deport the aliens at its own expense.

This was seven days after the three years had expired. The defendant having refused to accept the aliens on this condition, the plaintiff paid for their transportation, voluntarily and without protest, the amount which the plaintiff now seeks to recover. It is not pretended that the aliens in any way delayed the action of the government. The statute in question, Act Feb. 20, 1907, c. 1134, §§ 20 and 21, 34 Stat. L. 898 (U. S. Comp. St. Supp. 1909, p. 459), provides in substance, that the alien be taken into custody and deported to the country from whence he came at any time within three years after his entry into the United States. The sections in question are as follows:

"Sec. 20. That any alien who shall enter the United States in violation of law, and such as become public charges from causes existing prior to landing, shall upon the warrant of the Secretary of Commerce and Labor, be taken into custody and deported to the country whence he came at any time within three years after the date of his entry into the United States. Such deportation * * * shall be at the expense of the * * * person by whom the alien was unlawfully induced to enter the United States, or if that cannot be done, then the cost of removal to the port of deportation shall be at the expense of the 'immigrant fund' * * * and the deportation from such port shall be at the expense of the owner or owners of such vessel or transportation line by which such aliens respectively came.

"Sec. 21. That in case the Secretary of Commerce and Labor shall be satisfied that an alien has been found in the United States in violation of this act, or that an alien is subject to deportation under the provisions of this act or any law of the United States, he shall cause such alien within the period of three years after landing or entry therein to be taken into custody, and returned to the country whence he came, as provided by section twenty of this act, and a failure or refusal on the part of the masters, agents, owners, or consignees of the vessel to comply with the order of the Secretary of Commerce and Labor to take on board, guard safely, and return to the country whence he came any alien ordered to be deported under the provisions of this act shall be punished by the imposition of the penalties prescribed in section nineteen of this act."

So far as the controversy now under consideration is concerned, the language of sections 20 and 21 is practically identical; it is respectively as follows:

"Shall be taken into custody and deported."
"Shall be taken into custody and returned."

The question presented by the demurrer is whether the defendant is obliged to transport these aliens at its own expense; they not having been offered to the carrier for such transportation until after the lapse of three years from their arrival in this country. The defendant insists that the statute in question must be construed to require, first, that the alien shall be taken into custody and second, that the alien shall be deported within the three years mentioned by the statute. The plaintiff, on the contrary, insists that if the alien be taken into custody within three years, he may be deported under the statute at any reasonable time thereafter and that the statute should be construed as though it read: "Be taken into custody at any time within three years after the date of his entry into the United States and be deported to the country whence he came at any reasonable time thereafter."

That a statute imposing such penalties as those enumerated in section 19 must be strictly construed cannot be successfully controverted.

Moffit v. U. S., 128 Fed. 375, 63 C. C. A. 117. That its grammatical and common-sense construction is in accordance with the defendant's contention is in our view clearly shown. Indeed the principal contention for the plaintiff is the argument ab inconvenienti. It is urged that in certain instances it may be inconvenient to execute the statute within the time designated although none of these conditions exists in the present case. Suppositive cases are suggested of delays occasioned by the alien's obtaining writs of habeas corpus and prosecuting an appeal to this court, and it is urged that after all these efforts have been made and have failed, the plaintiff should have a reasonable time thereafter in which to carry out the sentence of the Department. We think that no such canon of construction can be applied to a plain statute of limitations. Congress has said as clearly as the English language can express it, that the alien must be taken into custody and deported, that is, taken out of the country, within three years. If three years be insufficient time in which to deport, the argument for additional time should be addressed to Congress and that body may enlarge the time as it has twice done already, increasing it from one to two years and again to three years. This is a statute to which the rule of reason does not apply. If the words "within a reasonable time" be read into the law, it will be a question of fact in every case to consider whether the Secretary has taken a reasonable time after the original arrest before issuing the order of deportation and thus a statute intended to be definite and certain will become so indefinite and uncertain that no workable rule can be deduced from its provisions. The alien may be delayed six days, or six months, or six years after the expiration of the three years' limitation. Any plausible excuse of the Department, as for instance, congestion of cases awaiting action, must be accepted as a reason for enlarging the time.

Such a construction of the statute would substitute our judgment for that of Congress. Judicial legislation should be avoided. It is no part of the business of the courts to alter or amend the laws, and wherever it is attempted, increased confusion is generally the result.

The foregoing views are sustained by a preponderance of authority. The Act of Feb. 23, 1887, c. 220, 24 Stat. 414 (U. S. Comp. St. 1901, p. 1292), as amended by Act Oct. 19, 1888, c. 1210, 25 Stat. 566 (U. S. Comp. St. 1901, p. 1294), provided that where an alien has been permitted to land contrary to law the Secretary of the Treasury was authorized:

"To cause such immigrant within the period of one year after landing or entry, to be taken into custody and returned to the country from whence he came, etc."

The Act of March 3, 1891, c. 551, § 11, 26 Stat. 1086 (U. S. Comp. St. 1901, p. 1299), provided:

"That any alien who shall come into the United States in violation of law may be returned as by law provided at any time within one year thereafter."

A case arose under this act in the Southern District of New York, and the alien was discharged; the court saying:

"Inasmuch as he was not seized, even for purposes of deportation, until more than a year had elapsed after his entry into the United States, the time within which he could be taken into custody under the act of 1891 had fully expired."

Two cases arose under the act of 1903 (Act March 3, 1903, c. 1012, 32 Stat. 1213), the language of sections 20 and 21 being substantially similar to the same sections in the present act. In Botis v. Davies (D. C.) 173 Fed. 996, the court, at page 1002, says:

"That statute says he shall be deported within two years, not that deportation proceedings shall be brought or commenced, or that he shall be held or arrested for deportation, within that period."

In Calamia v. Redfern (C. C.) 180 Fed. 506, the court held that the statute does not require that the alien shall be arrested and deported within three years and that it is sufficient if he be arrested within that period, the government having a reasonable time thereafter in which to carry out the sentence of deportation.

This decision was followed by the Circuit Judge in the present case and though entitled to great respect it is not, of course, controlling upon this court.

We cannot think that the statute is so elastic that it can be made to cover a case where the alien is not delivered to the deporting ship until after the three years have expired. When Congress says that the alien shall be taken into custody and deported within three years it means what it says. It does not mean that the time for deportation is indefinitely extended if the alien be taken into custody within the three years.

We think it was clearly the intention of Congress to give the government officials three years to ascertain whether the alien is entitled to remain in this country, and if they do not so ascertain and deliver him to the deporting ship within that time he is entitled to remain here.

As before stated, there is no pretense that the aliens in the present case delayed in any way the proceedings against them. They procured no writ of habeas corpus, they prosecuted no appeal, they did none of the acts apprehended by the United States attorney.

The question whether or not the time that the proceedings are delayed by the act of the alien should be considered as part of the three years does not therefore arise, and we express no opinion thereon.

The judgment should be reversed and the cause remanded to the Circuit Court with instructions to sustain the demurrer.