UNITED STATES v. OCEANIC STEAM NAVIGATION CO.

(Circuit Court of Appeals, Second Circuit. February 11, 1914.)

No. 133.

ALIENS (§ 57*)—DEPORTATION—TIME—COSTS—LIABILITY OF STEAMSHIP COMPANY.

Act Cong. Feb. 20, 1907, c. 1134, § 20, 34 Stat. 904 (U. S. Comp. St. Supp. 1911, p. 511), provides that any alien entering the United States in violation of law shall be deported at any time within three years after the date of his entry, from the port of entry, at the expense of the owners of the vessel or transportation line by which he came into the country, etc. *Held* that, where an alien was not tendered to the steamship line by which he entered the United States for deportation within the three-year period, the line was not bound to deport him without expense to the United States, though the reason why he was not deported within the time was that he was serving an indeterminate sentence in the state reformatory.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 114; Dec. Dig. § 57.*]

In Error to the District Court of the United States for the Southern District of New York.

Action by the United States against the Oceanic Steam Navigation Company. Judgment for defendant, and the United States brings error. Affirmed.

H. Snowden Marshall, U. S. Atty., and A. S. Pratt and Frank E. Carstarphen, Asst. U. S. Attys., all of New York City.

Burlingham, Montgomery & Bucher, of New York City (N. B. Beecher and Ray Rood Allen, both of New York City, of counsel), for defendant in error.

Before COXE, WARD, and ROGERS, Circuit Judges.

COXE, Circuit Judge. The District Court sustained a demurrer to the complaint which alleges that the plaintiff had paid the defendant $41 for transporting an alien, ordered to be deported, from New York to Naples. Judgment is demanded for this amount and interest. The alien arrived at New York September 11, 1908, and on the 20th of February, 1912, he was tendered to the chief officer of the Adriatic, one of defendant's steamships, who declined to receive him unless his passage was paid in advance. It was so paid and the plaintiff now seeks to recover it.

On February 20, 1912, three years and five months after the alien's entry into the United States, the defendant was asked to deport him

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

at its own expense. The excuse for not deporting him within the three years required by sections 20 and 21 of the Immigration Act is that he was serving an indeterminate sentence in the state reformatory, at Monroe, Wash.

Little need be added to our opinion in International Mercantile Marine Co. v. United States, 192 Fed. 887, 113 C. C. A. 365. The language of the statute is perfectly plain. The deportation may be made at any time within three years after the alien's entry into the United States. Such a statute cannot be enlarged by judicial interpretation; there is no room for construction. It cannot be twisted, turned, lengthened or shortened to meet the exigencies of each particular case. If it is to be effective, all interested persons must understand that it means what it says. A law of this character to be effective must be uniform and precise.

If exceptions are to be made to the three years' period Congress should make them and not the courts.

Judgment affirmed.