Ex parte CHIN HIM et al.

(District Court, W. D. New York.   July 26, 1915.)

1. ALIENS ⊙⟶24—IMMIGRATION—DEPORTATION.

Immigration Act Feb. 20, 1907, c. 1134, 34 Stat. 898, applies to Chinese laborers irregularly coming to this country, notwithstanding the special Chinese Exclusion Acts, and such persons may be proceeded against under the general act.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 76–78; Dec. Dig. ⊙⟶24.]

2. ALIENS ⊙⟶32—DEPORTATION—ORDERS OF DEPORTATION.

Under the Immigration Act, the Department of Labor may order the deportation of an alien immigrant to the country from which he originally came, notwithstanding his immediate entry into this country was from Canada.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92–95; Dec. Dig. ⊙⟶32.]

3. ALIENS ⊙⟶32—DEPORTATION—POWER OF COURT.

The courts cannot review the weight or admissibility of the evidence on the question whether an alien was unlawfully in the country, and a decision to that effect by the Department of Labor, supported by any evidence, is conclusive.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92–95; Dec. Dig. ⊙⟶32.]

4. ALIENS ⊙⟶32—PRESUMPTIONS—ALIENAGE.

There is a presumption that a person of Mongolian race is an alien, which can be overthrown only by clear and convincing testimony as to his birthplace.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92–95; Dec. Dig. ⊙⟶32.]

5. ALIENS ⊙⟶32—DEPORTATION—CHINESE PERSONS.

Testimony by a Chinese person that he was born in the United States is incompetent to prove his citizenship.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92–95; Dec. Dig. ⊙⟶32.]

6. HABEAS CORPUS ⊙⟶30—DISCHARGE OF ALIEN—ORDER OF ARREST—EFFECT OF ERRORS.

Where an alien is unlawfully in the country, he cannot procure discharge on habeas corpus because the original order of his arrest was unauthorized.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 25; Dec. Dig. ⊙⟶30.]

At Law.   In the matter of the petitions of Chin Him, alias Chin Ham, Lee Chong, alias Chang Lee, Mark Seon, alias Charles Mark,

---

⊙⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Arnk Bing, alias Darnk Bing, Arnk Suen, alias Dong Song, Lo Sui On, alias Lo On, and Low Foo, alias Low Hae Foo (Lee Wugh), for writs of habeas corpus. Writs dismissed.

Dilworth M. Silver, of Buffalo, N. Y., for petitioners.

Donald Bain, Asst. U. S. Dist. Atty., of Buffalo, N. Y., for respondent.

THOMAS, District Judge. These proceedings arise on returns to writs of habeas corpus whereby the petitioners, who had come into the United States from Canada, seek to secure their discharge from the custody of the immigration officials at the port of Buffalo, by whom they are now detained by virtue of warrants issued by the Acting Secretary of Labor, ordering that they be deported to China. The several petitions present substantially the same state of facts, at least so far as involves the decision and the view of the law taken by the court, and they are therefore disposed of together as one case. The only difference in the several cases is that Mark Seon, alias Charles Mark, claims that he was born in the United States and never left it; the other relators claiming to have been born here and subsequently removed.

The petition in each case charges that the warrant is void because (1) the proceedings were instituted against the relators under and in pursuance to the provisions of Immigration Act Feb. 20, 1907, c. 1134, 34 Stat. 898, and the amendments thereto, but that the warrant was in fact issued under Chinese Exclusion Act April 27, 1904, c. 1630, 33 Stat. 394, 428, and the rules thereunder, and that the immigration officers cannot invoke the provisions of both statutes against the relators; and (2) the relators are not aliens, but citizens of the United States, by reason of being born herein, and as such are entitled to a judicial determination by a competent court under the law of the land upon the question of citizenship, and that the immigration authorities have no jurisdiction over them.

Upon the filing the petitions, writs of habeas corpus were issued, to which returns were made setting forth, in substance, that each of the petitioners is in custody and detained by, under, and pursuant to warrants of arrest and deportation granted and issued by the Acting Secretary of Labor of the United States, directed to the United States Commissioner of Immigration at Montreal, or to any immigrant inspector in the service of the United States, commanding the arrest of the petitioners on the charges as set forth in the several warrants of arrest; that the petitioners were duly granted a hearing on the charges set forth in said warrants of arrest by the immigration inspector in charge, a copy of the minutes and a report of the proceedings taken upon the hearings being attached to and made a part of the return; that these minutes and reports of the proceedings were duly forwarded by the immigration inspector to the Secretary of Labor of the United States for his decision and action thereon; and that the Acting Secretary of Labor thereupon issued warrants of deportation under which warrants the petitioners are held by the respondent; that the warrants of arrest and the warrants of deportation were properly

and lawfully granted and issued; that the petitioners are alien immigrants, subject to the immigration laws of the United States; that the Acting Secretary of Labor had lawful authority to issue said warrants, and that the respondent was duly authorized to examine the petitioners as to their rights to enter and be in the United States and to make a report of the examination to the Secretary of Labor; that the petitioners had a fair hearing and were granted their full legal rights in the premises.

These returns were traversed, and hearings had on the issues raised thereon; no testimony being offered.

[1, 2] Since the decision of the Supreme Court in United States v. Wong You, 223 U. S. 67, 32 Sup. Ct. 195, 56 L. Ed. 354, there is no longer any question but that Alien Immigration Act Feb. 20, 1907, c. 1134, § 36, 34 Stat. 898, 908 (Comp. St. 1913, 4285), applies to Chinese laborers irregularly coming to this country, notwithstanding the special acts relating to the exclusion of Chinese. This decision completely disposes of and sets at rest any possible contention that they can be dealt with only under the Chinese Exclusion Acts of earlier date. There is also no remaining doubt as to the right of the Department of Labor to order the deportation of an alien immigrant to the country from which he originally came, notwithstanding his immediate entry into this country may have been from Canada. Lewis v. Frick, 233 U. S. 291, 302, 34 Sup. Ct. 488, 58 L. Ed. 967. In the case just cited the question was whether the alien should have been deported to Canada, whence he came upon the occasion of his unlawful entry into the country, rather than to Russia, the land of his birth, from which he came six years earlier. It was held that the act admitted of the return of the alien to Russia. The court in the course of its opinion said on page 303 of 233 U. S., on page 493 of 34 Sup. Ct. (58 L. Ed. 967):

"Respecting this matter, the sections are somewhat lacking in clearness. But, at least, section 35 indicates a legislative intent that aliens subject to deportation shall be taken to trans-Atlantic or trans-Pacific ports, if they came thence, rather than to foreign territory on this continent, although it may have been crossed on the way to this country."

[3] This ruling of the Supreme Court has been very recently followed by the Circuit Court of Appeals of the Second Circuit in Lee Sim v. United States, 218 Fed. 432, 134 C. C. A. 232. Furthermore, it is now definitely established that, if the Department of Labor has found that an alien is unlawfully in the United States, a warrant of deportation can lawfully issue, provided a fair, even though a summary, hearing has been given in ascertaining that fact, if there is any proof tending to sustain the charge. It is not open to the courts to consider either admissibility or weight of evidence, and the courts cannot interfere if anything was offered which tends, although slightly, to sustain the charge; the decision of the department being in such cases binding upon the courts. Lewis v. Frick, 233 U. S. 291, 34 Sup. Ct. 488, 58 L. Ed. 967; United States v. Petkos, 214 Fed. 978, 131 C. C. A. 274.

[4, 5] And, finally, as was held in Lee Sim v. United States, supra, there is, in a proceeding to deport a person of the Mongolian race, a natural presumption that he is an alien, which can only be overthrown

by clear and convincing evidence; his own testimony as to his birthplace not being competent evidence of his United States citizenship, as he could not possibly know the fact. So that the only question in cases like this is whether the immigrant was accorded a fair hearing by the authorities to whom Congress has intrusted the question. The petitioners were accorded a fair hearing in these cases, as the returns show. Their testimony was taken and recorded, and they were given the right to employ counsel, if they desired. Moreover, they were unable to state the leading incidents connected with their residence in this country, which fact, as is pointed out in the Lee Sim Case, just cited, would discredit their testimony, even if competent.

[6] The constitutionality and validity of the statute are no longer open to question, and, if sufficient ground for the detention of the alien is shown, he is not to be discharged upon habeas corpus for defects in the original arrest or commitment. Mr. Justice Gray in Nishimura Ekiu v. United States, 142 U. S. 651, 660, 12 Sup. Ct. 336, 338 (35 L. Ed. 146), in delivering the opinion of the court, has stated the law very distinctly:

"An alien immigrant, prevented from landing by any such officer claiming authority to do so under an act of Congress, and thereby restrained of his liberty, is doubtless entitled to a writ of habeas corpus to ascertain whether the restraint is lawful. Chew Heong v. United States, 112 U. S. 536 [5 Sup. Ct. 255, 28 L. Ed. 770]; United States v. Jung Ah Lung, 124 U. S. 621 [8 Sup. Ct. 663, 31 L. Ed. 591]; Wan Shing v. United States, 140 U. S. 424 [11 Sup. Ct. 729, 35 L. Ed. 503]; Lau Ow Bew, Petitioner, 141 U. S. 583 [12 Sup. Ct. 43, 35 L. Ed. 868]. And Congress may, if it sees fit, as in the statutes in question in United States v. Jung Ah Lung, just cited, authorize the courts to investigate and ascertain the facts on which the right to land depends. But, on the other hand, the final determination of those facts may be intrusted by Congress to executive officers; and in such a case, as in all others, in which a statute gives a discretionary power to an officer, to be exercised by him upon his own opinion of certain facts, he is made the sole and exclusive judge of the existence of those facts, and no other tribunal, unless expressly authorized by law to do so, is at liberty to re-examine or controvert the sufficiency of the evidence on which he acted. Martin v. Mott, 12 Wheat. 19, 31 [6 L. Ed. 537]; Philadelphia & Trenton Railroad v. Stimpson, 14 Pet. 448, 458 [10 L. Ed. 535]; Benson v. McMahon, 127 U. S. 457 [8 Sup. Ct. 1240, 32 L. Ed. 234]; In re Oteiza, 136 U. S. 330 [10 Sup. Ct. 1031, 34 L. Ed. 464]. It is not within the province of the judiciary to order that foreigners who have never been naturalized, nor acquired any domicile or residence within the United States, nor even been admitted into the country pursuant to law, shall be permitted to enter, in opposition to the constitutional and lawful measures of the legislative and executive branches of the national government. As to such persons, the decisions of executive or administrative officers, acting within powers expressly conferred by Congress, are due process of law. Murray v. Hoboken Co., 18 How. 272 [15 L. Ed. 372]; Hilton v. Merritt, 110 U. S. 97 [3 Sup. Ct. 548, 28 L. Ed. 83]."

This decision is now the law of the land, especially in view of the recent decisions to which reference has been made. Tested by these rulings, the conclusion is imperative that the petitioners have not presented any case for the courts, the decision of the executive officers being final.

The writs should be dismissed, and all petitioners remanded to the custody of the immigration officers. Let judgment to that effect be entered in each case.