BUN CHEW v. CONNELL, Immigration Inspector.

(Circuit Court of Appeals, Ninth Circuit.    May 1, 1916.    Rehearing Denied
June 2, 1916.)

No. 2661.

1. ALIENS ⊕⟳32(5)—CHINESE PERSONS—BURDEN OF PROOF.

The burden is always upon an alien to show his right to be and remain in the United States; therefore, where a Chinese person, after securing a certificate of residence, departed from the country and returned, he has the burden of showing that his re-entry was legal, and not fraudulent, and, upon deportation proceedings being instituted, his original certificate of residence is not prima facie evidence of his right to remain.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 84; Dec. Dig. ⊕⟳32(5).]

2. ALIENS ⊕⟳32(9)—CHINESE PERSONS—DEPORTATION—TIME FOR.

Under Immigration Act Feb. 20, 1907, c. 1134, § 21 (Comp. St. 1913, § 4270), requiring the Secretary of Labor to cause an alien subject to deportation under the laws of the United States to be taken into custody within 3 years after landing or entry and returned to the country whence he came, the Secretary has three full years in which to institute proceedings, and where he causes the arrest of a Chinese person and the institution of deportation proceedings within that time, such Chinese person is not entitled to discharge because not actually deported within 3 years.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 94; Dec. Dig. ⊕⟳32(9).]

3. ALIENS ⊕⟳32(10)—DEPORTATION—CHINESE PERSON.

Where a Chinese person entered the United States, remained there for some years, went to Mexico, and thereafter fraudulently re-entered the United States, so that he was subject to deportation, he will be deported to China, and not to Mexico.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 92; Dec. Dig. ⊕⟳32(10).]

Ross, Circuit Judge, dissenting.

Appeal from the District Court of the United States for the Southern Division of the Southern District of California; Benjamin F. Bledsoe, Judge.

Application by Bun Chew for writ of habeas corpus against Charles T. Connell, as Immigration Inspector in charge.    From an order denying the writ, applicant appeals.    Affirmed.

See, also, 220 Fed. 387.

Frank Stewart, of Los Angeles, Cal. (J. W. Howell, of Los Angeles, Cal., on the brief), for appellant.

Albert Schoonover, U. S. Atty., of Los Angeles, Cal. (Clyde R. Moody, Asst. U. S. Atty., of Los Angeles, Cal., of counsel), for appellee.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge.    Bun Chew, a Chinese alien, appeals from an order of the District Court dismissing a writ of habeas corpus,

and remanding the appellant to the custody of the immigration inspector in charge at Los Angeles, Cal. The petition for the writ alleged that Bun Chew was in possession of a Chinese laborer's certificate of residence, he having registered as such Chinese laborer at Hanford, Cal., on February 17, 1894, but that the inspector had unlawfully detained him in custody and was about to deport him to China. The return to the writ alleged that, pursuant to the powers vested in him by the United States immigration laws, the immigration inspector at Los Angeles had granted Bun Chew a hearing concerning his right to be and remain in the United States, and that on the record thereof the Secretary of Labor had ordered the appellant's deportation to China, on the ground that he had been found within the United States in violation of the act of Congress approved February 20, 1907 (34 Stat. 898, c. 1134), as amended by the act approved March 26, 1910 (36 Stat. 263, c. 128), in that, at Douglas, Ariz., he had entered the United States from Mexico on or about January 1, 1912, in violation of section 36 of said act (Comp. St. 1913, § 4285), and section 7 of the act of September 13, 1888 (25 Stat. 477, c. 1015 [Comp. St. 1913, § 4308]). The District Court, upon the hearing, dismissed the writ. The appellant contends that the court below erred in finding that he was given a fair hearing before the Immigration Department at Los Angeles, and in holding that the evidence was sufficient to show that he entered the United States from Mexico, or was ever in Mexico, and he contends that the Secretary of Labor exceeded his jurisdiction in ordering deportation, and that in any event the appellant should have been ordered to be deported to Mexico, instead of to China.

[1] The contention that there was no evidence to authorize deportation rests upon the proposition that the appellant was in the possession of a certificate of residence, which had not been canceled or set aside, and which was prima facie evidence of his right to remain in the United States. The answer to this is that by the evidence it was shown that the appellant had left the United States and had gone to Mexico, and that he was there as late as April 1, 1912, and he produced no evidence that in re-entering the United States he complied with the law and did not make a fraudulent entry. In such a case it does not devolve upon the prosecution to prove that the re-entry was fraudulent, but the burden rests upon the alien to show that his entry was legal, since the burden is always upon him to show his right to be and remain in the United States. The case of Liu Hop Fong v. United States, 209 U. S. 453, 28 Sup. Ct. 576, 52 L. Ed. 888, is not in point. In that case the court held that, when a Chinaman of the exempt class has been admitted to the United States on a certificate made in conformity with the treaty, he cannot be deported for having fraudulently entered, unless there is competent evidence to overcome the legal effect of the certificate. The court recognized the prima facie effect of the certificate made in conformity with the treaty, under which the Chinaman had entered the United States. In the case at bar, the appellant entered the United States from Mexico, not by virtue of a certificate, but presumably in violation of the provisions

of the statutes, since he has wholly failed to prove that he complied therewith.

[2] We have given careful consideration to the contention that the Secretary of Labor was without jurisdiction to cause the deportation of the appellant, for the reason that deportation was not accomplished within 3 years from the date of his entry into the United States. The date of the appellant's return to the United States was April 1, 1912, as shown by testimony, and as set forth in the warrant of deportation. The warrant of arrest was dated May 22, 1914, and the warrant of deportation was dated March 26, 1915. The petition for the writ of habeas corpus was filed April 13, 1915, 3 years and 13 days after the date of the appellant's return to the United States. Section 21 of the Immigration Act of 1907 (Comp. St. 1913, § 4270), requires that the Secretary of Labor "shall cause such alien, within the period of three years after landing or entry therein to be taken into custody and returned to the country whence he came." The appellant cites International Mercantile Marine Co. v. United States, 192 Fed. 887, 113 C. C. A. 365, and United States v. Oceanic Steam Nav. Co., 211 Fed. 967, 128 C. C. A. 465, cases in which the Circuit Court of Appeals for the Second Circuit held that the civil liability of the masters, agents, owners, or consignees of vessels to take on board and return to the country whence he came any alien ordered to be deported did not attach unless the alien were tendered to the steamship line for deportation within the 3-year period prescribed in section 21 of the act of 1907. We are unable to agree that such a limitation should be placed upon the power of the Secretary of Labor to order the deportation of an alien who is unlawfully in the country. We think the statute should be construed in analogy with statutes of limitation in criminal cases, the requirement of which is answered if prosecution is begun within the time limited. It does not seem reasonable to suppose that Congress intended that before ordering the arrest of an alien believed to be unlawfully in the country the Secretary must take into account the probable time that must ensue between the arrest and the warrant of deportation, and compute the time of all possible delays in obtaining testimony, and possible delays to be caused by appeals or writs of habeas corpus. In United States v. Redfern (C. C.) 180 Fed. 506, Judge Foster, in construing the statute, said:

"I consider the government should have the whole of the last day of the 3 years in which to make the arrest, and, prescription being interrupted by the arrest, the government is entitled to a reasonable time in which to carry out the sentence of deportation."

That language was approved and the decision was followed by Judge Lacombe in United States v. International Mercantile Marine Co. (C. C.) 186 Fed. 669, although his decision was reversed by the Circuit Court of Appeals in the case above noted. 192 Fed. 887, 113 C. C. A. 365. In the case at bar the arrest was made and the warrant of deportation was issued within the 3 years from the date of the appellant's entry into the United States, and, although the warrant was not actually executed within the 3 years, we hold that deportation was still within the power of the Secretary of Labor.

[3] The warrant of deportation properly directed that the appellant

be returned to China. He had no right to demand that he be returned to Mexico. He had been in Mexico but a short time, and the fact that he returned to the United States may be taken as evidence that he went to Mexico with the intention of returning. Under the circumstances China was the country "whence he came," within the meaning of the act. Lewis v. Frick, 233 U. S. 291, 34 Sup. Ct. 488, 58 L. Ed. 967; Lee Sim v. United States, 218 Fed. 432, 134 C. C. A. 232; Ex parte Chin Him (D. C.) 227 Fed. 131.

The order is affirmed.

ROSS, Circuit Judge (dissenting). I am unable to agree to the judgment in this case. As shown in the opinion, the appellant entered the United States April 1, 1912, was arrested May 22, 1914, on the ground that he was not entitled to be in this country, and, after trial, was ordered deported March 26, 1915, which was within the 3-year period fixed by the act of Congress referred to in the opinion. No effort on the part of the appellant appears to have been made during that 3-year period to stay any of the proceedings under the statute; so it is unnecessary to consider what, if any, effect should properly be given to any such action on the part of the person against whom the deportation proceedings were taken. The fact, therefore, remains, that the appellant was not deported within the period fixed by Congress for such action, and upon the expiration of that period I am of the opinion that he was entitled to a discharge from custody. If he could be held in custody one day thereafter, I am unable to understand how any court can fix the limit to such further imprisonment, for no court has any power of legislation; and that is purely a matter of legislation, in my opinion. If the 3-year period fixed by Congress for the arrest and deportation of such persons as the appellant should be extended, it is for Congress, and Congress only, to fix the time.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes