SINGH v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. July 16, 1917.)

No. 2861.

1. ALIENS ⚖️➡️53—DEPORTATION—GROUNDS OF DEPORTATION.
   Where aliens entered the United States surreptitiously and without inspection, they may be deported irrespective of other grounds of deportation.

2. ALIENS ⚖️➡️54—DEPORTATION—PLACE OF DEPORTATION.
   Under Immigration Law Feb. 20, 1907, c. 1134, §§ 20, 21, 34 Stat. 904, 905 (Comp. St. 1916, §§ 4269, 4270), declaring that on deportation the alien be deported to the country whence he came, together with section 35 (Comp. St. 1916, § 4284), declaring that the deportation of aliens arrested within the United States after entry and found to be illegally therein shall be to the trans-Atlantic or trans-Pacific ports from which said aliens embarked for the United States, an alien, a native of India, who unlawfully entered the United States from Canada, should be deported to India, where it did not appear that he had acquired a domicile in Canada.

3. ALIENS ⚖️➡️54—DEPORTATION—DOMICILE.
   That an alien was in British Columbia for 11 months, and for 8 months of that time worked at a lumber mill, living in the company house, does not show that he acquired a domicile in Canada, so as to warrant his deportation to Canada from the United States instead of to the country from whence he came.

4. ALIENS ⚖️➡️54—DEPORTATION—DOMICILE.
   That an alien purchased land in Canada does not show that he had a domicile there, so as to warrant his deportation from the United States to Canada instead of to the country from whence he came.

Appeal from the District Court of the United States for the First Division of the Northern District of California.

Petition by Dhanna Singh against the United States of America for a writ of habeas corpus. Writ denied, and petitioner appeals. Affirmed.

Joseph P. Fallon, of San Francisco, Cal., for appellant.

John W. Preston, U. S. Atty., and Casper A. Ornbaun, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge. The appellant, an East Indian, and a British subject, entered the United States at San Francisco in 1908. He worked as a laborer at various places in California and Oregon. In 1912 he visited Canada, where he remained two weeks. Thereafter he returned to the United States and resumed his occupation of laborer until April, 1914, when he went to British Columbia. There he remained until March 1, 1915, when he surreptitiously re-entered the United States. He was arrested on a warrant which charged him with having entered the United States from Canada without inspection. Upon a hearing thereafter had before the immigration officials, he was ordered deported to India. A petition for a writ of habeas

corpus was filed in his behalf, and in connection therewith the record of the Bureau of Immigration in the deportation proceedings was considered by the court below. The court denied the writ. There is no showing that the hearing was unfair.

[1] The fact, which is not denied, that the appellant re-entered the United States surreptitiously and without inspection, is sufficient in itself, irrespective of other considerations, to justify the order of deportation. Ex parte Li Dick (C. C.) 176 Fed. 998; Ex parte Hamaguchi (C. C.) 161 Fed. 185; Williams v. United States, 186 Fed. 479, 108 C. C. A. 457; Ex parte Greaves (D. C.) 222 Fed. 157.

[2] But it is contended that the writ should have been issued for the reason that the warrant of deportation directs that the appellant be returned to India instead of to Canada, the country from which he last entered the United States. The provisions of sections 20 and 21 of the Immigration Laws (34 Stat. 898), containing the expressions that the alien "be deported to the country whence he came," and that he be "returned to the country whence he came," must be construed together with section 35, which provides:

"That the deportation of aliens arrested within the United States after entry and found to be illegally therein, provided for in this act, shall be to the trans-Atlantic or trans-Pacific ports from which said aliens embarked for the United States; or, if such embarkation was for foreign contiguous territory, to the foreign port at which said aliens embarked for such territory."

The order of deportation, therefore, properly required that the alien be returned to the trans-Pacific port from which he embarked for the United States unless the evidence showed that he acquired a domicile in Canada.

[3, 4] He testified that during the 11 months while he was last in British Columbia he worked 8 months at a lumber mill, living in the company house at the mill, and that thereafter he wandered around, looking for a job. These facts are not sufficient to show that he acquired a domicile in Canada, or that he is entitled to be returned there on his deportation. The fact that he owned real estate in British Columbia is relied upon as evidence that he was domiciled there. It appears that in the years 1911 and 1912, he, together with other Hindus, purchased an interest in certain lots in British Columbia. But the acquisition of this interest in real estate some two years before he went to Canada is not enough to show that he was domiciled there, and no other fact is presented or relied upon. There was no error, therefore, in the warrant of deportation. Lewis v. Frick, 233 U. S. 291, 34 Sup. Ct. 488, 58 L. Ed. 967; United States v. Sisson (D. C.) 220 Fed. 538; United States v. Sisson (D. C.) 220 Fed. 541; Ex parte Chin Him (D. C.) 227 Fed. 131; Ung Bak Foon v. Prentis, 227 Fed. 406, 142 C. C. A. 102; Wallis v. United States, 230 Fed. 71, 144 C. C. A. 369; Bun Chew v. Connell, 233 Fed. 220, 147 C. C. A. 226.

The judgment is affirmed.