MOK NUEY TAU v. WHITE, Immigration Commissioner.

(Circuit Court of Appeals, Ninth Circuit. August 20, 1917. Rehearing Denied October 8, 1917.)

No. 2944.

1. ALIENS ☞32(2)—DEPORTATION—JURISDICTION OF EXECUTIVE DEPARTMENT.
   A Chinese alien who secured admission into the United States in violation of any of the provisions of Immigration Act Feb. 20, 1907, c. 1134, 34 Stat. 898, may be deported on an order of the Commissioner of Labor under section 20 of that act (Comp. St. 1916, § 4269), at any time within three years.

2. ALIENS ☞32(8)—PROCEEDINGS FOR DEPORTATION—FAIRNESS OF HEARING.
   Proceedings for deportation of a Chinese person *held* not unfair, and an order of deportation *held* sustained by the evidence.

Appeal from the District Court of the United States for the First Division of the Northern District of California; Maurice T. Dooling, Judge.

Habeas corpus proceedings by Mok Nuey Tau against Edward White, Commissioner of Immigration for the Port of San Francisco. From an order denying his petition, petitioner appeals. Affirmed.

Geo. A. McGowan, of San Francisco, Cal., for appellant.

John W. Preston, U. S. Atty., and Casper A. Ornbaun, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. On November 9, 1915, the appellant, then nine years of age was admitted to the United States as the foreign-born son of Mock Juck, who was a native-born citizen of the United States residing at Oakland, Cal. A month after his arrival he went from San Francisco to the state of Alabama, where seven months later he was arrested on the executive warrant of the Secretary of Labor and was ordered deported on the ground that he was an alien found in the United States in violation of the act of February 20, 1907, as amended by the act of March 26, 1910 (36 Stat. 263, c. 128 [Comp. St. 1916, §§ 4244, 4247]). He appeals from the order of the court below sustaining a demurrer to his petition for a writ of habeas corpus.

[1] It is contended on behalf of the appellant that if he is illegally in the United States he is entitled to have that fact determined by the judicial branch of the government, and that the Secretary of Labor is without jurisdiction. The contention cannot be sustained. In United States v. Wong You, 223 U. S. 67, 32 Sup. Ct. 195, 56 L. Ed. 354, it was held that Chinamen who had entered the United States surreptitiously, in a manner prohibited by section 36 of the Immigration Act of February 20, 1907 (Comp. St. 1916, § 4285), were subject to be deported by the Secretary of Commerce and Labor under the provisions of that act. Section 20 of the act provides that any

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

alien who shall enter the United States in violation of law shall, upon the warrant of the Secretary of Commerce and Labor, be taken into custody and deported to the country whence he came, at any time within three years after the date of his entry into the United States. The appellant, if the charge is true that he "secured admission by fraud, not having been, at the time of entry, the minor son of a member of the exempt classes," came in violation of that section of the Immigration Act of 1907, and is subject to deportation as provided in that act. Backus v. Owe Sam Goon, 235 Fed. 847, 149 C. C. A. 159.

[2] It is contended that the hearing was unfair, in that no opportunity was given the appellant to be represented by counsel until after he had been subjected to an examination. It appears that at the close of his examination the appellant was informed that the warrant of arrest provided that he might be released on a bond in the sum of $1,000, and he was asked if he had friends who would give the bond. He answered: "Yes, Loo Yut is looking after that for me." And when he was informed that he had the right to be represented by an attorney, and asked if he wished to avail himself of that right, he said: "I don't understand that. I will see Loo Yut." Loo Yut was thereupon examined. He testified that the appellant was living with him at Alexander City, that Mock Juck was the appellant's father, and that he had corresponded with Mock Juck, who resided at Oakland, Cal. Loo Yut, when he was informed that the appellant, when told that he had the right to be represented by an attorney, had said that he would see him (Loo Yut) about it, answered: "No, I will not employ a lawyer now. I will wait and see what they do in Washington." The appellant was then released on a bond in the sum of $1,000, to obtain which Loo Yut deposited $1,000 in cash.

The proceedings before the immigration officials are not required to conform to judicial procedure. It was not necessary that the appellant be represented by a guardian ad litem. It was proper to subject him to an examination. He was not entitled to be represented by an attorney at the preliminary examination. Low Wah Suey v. Backus, 225 U. S. 460, 32 Sup. Ct. 734, 56 L. Ed. 1165. The examination furnishes no evidence that any unfair advantage was taken of him. He was called upon to answer the same questions which he had answered eight months before on his application for admission. His answers were widely different from those which he had given before. It was a legitimate inference which the officers drew from the wide and marked discrepancies between the answers that the appellant had been coached for his prior examination, and that in the interval he had forgotten what he had been taught to say. It would serve no useful purpose to review the discrepancies in detail. They were sufficient to justify the conclusion that the appellant had secured admission to the United States through fraudulent representations. The fact that the inspector in charge added that since the hearing information had been obtained, to the effect that the appellant was the son of Loo Gee of Birmingham, Ala., and that Loo Yut was his uncle, and that the information was received in a confidential manner from one Chung Kee

Lung, "but no statement could be secured from him for obvious reasons," does not appear to have influenced the final decision.

The discrepancies in the appellant's statements are sufficient to answer the contention of his counsel that the warrant of deportation was unsupported by evidence.

The judgment is affirmed.

ROSS, Circuit Judge (concurring). I concur in the judgment and the opinion of the court, except in that clause thereof which holds that the appellant "was not entitled to be represented by an attorney at the examination."