JUNG BACK SING et al. v. WHITE, Commissioner of Immigration.

(Circuit Court of Appeals, Ninth Circuit. May 5, 1919. Rehearing Denied June 6, 1919.)

No. 3258.

1. HABEAS CORPUS ⚖️≈25(1)—CHINESE PERSONS—DEPORTATION—FAIR HEARING.

A Chinese person ordered deported is not entitled to discharge on habeas corpus, because she was denied the right of counsel at her preliminary hearing, where after examination a second warrant was issued, and she was notified in the presence of her counsel of a right to counsel, and at that time, without objection by counsel then representing her, the former examination .was introduced in evidence as a part of the record in the proceedings under the second warrant.

2. HABEAS CORPUS ⚖️≈25(1)—CHINESE PERSONS—DEPORTATION—EVIDENCE.

A Chinese person ordered deported by the immigration authorities was not denied a fair hearing, so as to be entitled to discharge on habeas corpus, because the immigration authorities admitted in evidence the testimony given by a witness in a case in the state court, without showing that the witness was not available in person, where counsel for such Chinese person merely requested that all of the evidence of the witness be introduced, and made no objection to the introduction of the whole record of the testimony in the case in the state court.

3. HABEAS CORPUS ⚖️≈25(1)—CHINESE PERSONS—DEPORTATION—EVIDENCE.

A Chinese woman ordered deported was not denied a fair hearing, so as to be entitled to habeas corpus, because the immigration authorities refused to allow her alleged husband to testify in person, where the inspector requested an affidavit of the husband and considered the same.

4. ALIENS ⚖️≈54—CHINESE PERSONS—DEPORTATION—EVIDENCE.

Evidence in deportation proceedings against a Chinese person *held* to warrant an order for her deportation, on the ground that she was found employed in or connected with a house of prostitution, or resort frequented by prostitutes, and that she had been sharing in or deriving benefits from the earnings of prostitutes.

Appeal from the District Court of the United States for the First Division of the Northern District of California; M. T. Dooling, Judge.

Application by Jung Back Sing and Dear Shee for a writ of habeas corpus against Edward White, as Commissioner of Immigration, Port of San Francisco. From a judgment denying the writ, relators appeal. Affirmed.

James M. Hanley and Herbert Chamberlain, both of San Francisco, Cal., for appellants.

Annette Abbott Adams, U. S. Atty., of San Francisco, Cal., and Ben F. Geis, Asst. U. S. Atty., of Willow, Cal., for appellee.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. Dear Shee, a Chinese alien, was ordered deported upon a warrant which charged that she was found employed by, in, or in connection with a house of prostitution, or resort habitually frequented by prostitutes, or where prostitutes gathered, and that she had been found receiving, sharing in, or deriving benefit from the earnings of a prostitute or prostitutes. Jung Back Sing, claiming

⚖️≈For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

to be her husband, but who was found by the immigration officials never to have been married to her, filed a petition in the court below for habeas corpus, alleging that the hearing on the proceedings for deportation was unfair. The record in those proceedings was submitted with the petition for the writ.

[1] It is contended that the proceedings were unfair in that, first, Dear Shee was denied the right of counsel at a preliminary examination on January 25 and 26, 1917, and was not instructed as to her right to be represented by counsel. It appears that after that examination of Dear Shee a second warrant was issued, and that she was notified in the presence of her counsel of her right to counsel, and that at that time, without objection from her counsel then representing her, the former examination was introduced in evidence as a part of the record in the proceedings under the second warrant. It is not ground for discharging an alien on habeas corpus that a preliminary examination was had without advising the alien of his right of representation by counsel (Mok Nuey Tau v. White, 244 Fed. 742, 137 C. C. A. 190), and, if there were error in the proceedings of January, it was cured by the admission of those proceedings in evidence without objection on April 18, 1917.

[2] It is said that Dear Shee was denied a fair hearing by the action of the immigration authorities on April 3, 1917, in admitting in evidence the testimony of Ay Ying given at a hearing in the case of Choy Sun in the superior court of San Francisco, without first showing that Ay Ying was not available in person, or without showing inability to procure her affidavit; also in introducing only a part of the record in the Choy Sun case, and without showing that a verdict was rendered therein finding Choy Sun not guilty. The answer to this is that the testimony of Ay Ying so taken in the superior court was introduced without objection from counsel for the appellants, and that he then asked that all the evidence of said Ay Ying be introduced and incorporated in the record.

But the appellants assert that, instead of introducing the testimony of Ay Ying alone, the whole record of the testimony in that case was taken and received in evidence. Again the answer is that counsel for the appellants made no objection to the reception of the record, and moreover it does not appear that any portion of the record other than Ay Ying's testimony was considered on the hearing or on the appeal. The Secretary of Labor, in affirming the order of deportation, said:

"In the transcript of proceedings in the superior court of San Francisco, pages 1 to 45, which were made a part of the hearing so far as the testimony of Ay Ying was concerned, Ay Ying testified," etc.

[3] It is said that the hearing was unfair, in that the alleged husband of Dear Shee was not allowed to testify. It appears that counsel for Dear Shee asked permission to have her husband testify in person, to which the inspector answered that he preferred an affidavit, and added, "If we want him, we will call for him." It does not appear that any substantial rights of the appellants were prejudiced by this action of the inspector. The alleged husband was allowed to, and did,

present in the form of affidavits the facts as to which he might have testified.

[4] It is urged that the record in the proceedings for deportation contains no evidence to sustain the particular charge under which Dear Shee was ordered deported, and that there is absolutely no evidence to show that she was employed or detained by any person in a house of prostitution, or resort frequented by prostitutes, or where prostitutes lived. The record contains ample evidence to sustain the charge that Dear Shee was a prostitute, and on that charge she might have been ordered deported. There is but little evidence to sustain the specific charge which was made against her. But we think there is sufficient in the affidavit of Donaldina Cameron, superintendent of the Presbyterian Chinese Mission, to sustain the specific charge which was made. That affidavit states:

That the affiant had known Dear Shee "as a slave owner and prostitute for the past year"; that "on May 29, 1916, I raided the premises at 926 Stockton street under a juvenile court warrant, and took in custody Wong Hong Ho, and at that time Dear Shee, alias Kow Ling, was an inmate of those premises, and was left in charge of the house after the other women were taken to prison. On January 24, 1917, I raided the premises at 710 Sacramento street under juvenile court warrant, and took in custody Jung Ohy, and I again found Dear Shee, alias Kow Ling, in charge of the premises."

There was other evidence to corroborate that affidavit. If Dear Shee was a slave owner, and was in charge of a house of prostitution, we think it may properly be found that she was employed "in or in connection with a house of prostitution," and was "receiving, sharing in, or deriving benefit from the earnings of a prostitute" as charged in the warrant.

The judgment is affirmed.