**WONG FAT SHUEN v. NAGLE, Commissioner of Immigration.**

(Circuit Court of Appeals, Ninth Circuit. August 24, 1925.)

No. 4435.

1. Aliens ⊙⟳32(8)—Authorities not required to believe testimony of witness in proceedings to deport Chinese.

Though the testimony of a Chinese person arrested for deportation, is not directly contradicted, the authorities are not required to give it credit.

2. Aliens ⊙⟳31—Unlawful entry warrants deportation.

The fact that a Chinese alien admittedly entered the United States surreptitiously and in violation of law, warrants his deportation, and he could not, after such entry, acquire an exempt status by engaging in business as a merchant.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; Frank H. Kerrigan, Judge.

Habeas corpus petition by Wong Fat Shuen, alias Wong Ching Ping, against John D. Nagle, Commissioner of Immigration for the Port of San Francisco, Cal. From an order denying the writ, petitioner appeals. Affirmed.

The appellant appeals from an order of the court below, denying his petition for a writ of habeas corpus, and discharging an order theretofore made to show cause. In his petition, the appellant sought to review proceedings had before the Department of Labor which resulted in an order for his deportation. He was arrested at San Francisco on October 5, 1923, on a warrant from the Secretary of Labor, on the charge that he had been found within the United States in violation of section 6 of the Chinese Exclusion Act as amended (Comp. St. § 4293), he being a Chinese laborer not in possession of a certificate of residence, and that, in violation of the Immigration Act of 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 959, 960, 4289¼a et seq.), he had entered the United States by water at a time and place other than those designated by the immigration officials. Upon his arrest, a preinvestigation was had, upon which he was examined at length, and later upon his arrest on the warrant a hearing was had and further testimony was taken. He testified that in 1914 he first arrived in the United States at New York from Liverpool and had merchant's papers given him by the American consul in London; that he became a member of a Chinese firm in New York; that thereafter in 1916 he went to sea as chief steward on the steamer Strathness; that the vessel was sunk by a submarine, whereby he lost his papers; that in May, 1918, he returned to New York, and 5 months later he went to sea on the steamer War Charger, and in June, 1919, he left that ship at Hongkong and there was engaged in mercantile business, and in September, 1919, he shipped on the Tjisondari, on which vessel he arrived in San Francisco in March, 1921. He admitted that he deserted the vessel on his arrival, and claimed that he thereafter became a member of a Chinese trading company in San Francisco.

The Commissioner of Labor at San Francisco found that the appellant had been a laborer and engaged as a seaman for at least 3 years prior to his last entry into the United States, sustained the charges contained in the warrant, and ordered that the appellant be deported to China. On appeal to the Secretary of Labor, the order was affirmed.

Frank J. Hennessy and Marshall B. Woodworth, both of San Francisco, Cal., for appellant.

Sterling Carr, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1] It is contended that the appellant, having been a resident alien merchant in the United States, and never having surrendered his status as a merchant, was free to desert from a vessel in the port of San Francisco in 1921 and resume his former business as a merchant. The immigration officials reached the conclusion that the appellant's claim to a mercantile status in the United States prior to his entry in 1921 was not sustained, he being without any papers to show his right to be and to remain in the United States. They were not obliged to credit his uncorroborated testimony that he had received such papers and had lost them, or had been a merchant in New York. His diverse statements and contradictions at the time of the preinvestigation and at the time of the judicial hearing were sufficient to discredit the whole of his testimony, and his admission that he had committed perjury on the hearing justified the immigration officials in rejecting his statement that he had entered the United

States as a merchant or with merchant's papers, or that he ever had such papers or lost them. It is no indication of unfairness that his testimony was not credited. Soo Hoo Doo Hon v. Johnson (D. C.) 281 F. 870. In Tisi v. Tod, 264 U. S. 131, 44 S. Ct. 260, 68 L. Ed. 590, the court said: "The Secretary of Labor was not obliged to believe this testimony. The government did not introduce any direct evidence to the contrary."

[2] The fact that the appellant entered the United States surreptitiously and in a manner prohibited by the Immigration Act is sufficient in itself to justify the order of deportation (Mok Nuey Tau v. White, 244 F. 742, 157 C. C. A. 190; Singh v. United States, 243 F. 557, 156 C. C. A. 255), and, the entry having been unlawful, he could not thereafter acquire an exempt status by engaging in the business of a merchant in San Francisco (United States v. Chu Chee, 93 F. 797, 35 C. C. A. 613; Ex parte Wu Kao [D. C.] 270 F. 351).

The judgment is affirmed.