WILLIAMS, Immigration Com'r, v. UNITED STATES ex rel. BOUGADIS.

(Circuit Court of Appeals, Second Circuit. March 13, 1911.)

No. 156.

1. ALIENS (§ 53\*)—DEPORTATION FOR "ENTERING IN VIOLATION OF LAW"—FALSE REPRESENTATION AS TO CITIZENSHIP.

An alien, who falsely represents himself to be a citizen, and by such artifice and fraud secures admission to the United States, is guilty of

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"entering in violation of law," within the meaning of Immigration Act Feb. 20, 1907, c. 1134, § 20, 34 Stat. 904 (U. S. Comp. St. Supp. 1909, p. 459), and is subject to deportation thereunder.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 53.*

For other definitions, see Words and Phrases, vol. 3, pp. 2400–2408.]

2. ALIENS (§ 54*)—DEPORTATION—ENTERING IN VIOLATION OF LAW—ACQUITTAL IN CRIMINAL CASE.

A judgment of acquittal in a criminal prosecution of an alien for falsely claiming citizenship, entered on a directed verdict, is not a bar to proceedings for his deportation, under Immigration Act Feb. 20, 1907, c. 1134, § 20, 34 Stat. 904 (U. S. Comp. St. Supp. 1909, p. 459), for having obtained admission to the United States in violation of law by falsely representing himself to be a citizen.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 54.*]

Appeal from the Circuit Court of the United States for the Southern District of New York.

Habeas corpus proceeding, on the relation of Antonios Bougadis, against William Williams, Commissioner of Immigration. From an order discharging relator, the Commissioner appeals. Reversed.

On appeal by the Commissioner of Immigration from an order of the Circuit Court for the Southern District of New York, made in habeas corpus proceedings, discharging the appellee, Antonios Bougadis, who was held by virtue of a warrant issued by the Department of Commerce and Labor directing his deportation on the ground that he was an alien who had secured admission to the United States by falsely representing himself to be an American citizen. The appellee was discharged upon the sole ground that a verdict of acquittal had been directed by the Circuit Court for the Eastern District of New York, after trial upon an indictment charging that he had obtained admission to the United States by falsely representing himself to be an American citizen.

Henry A. Wise, U. S. Atty., and Isaac H. Levy, Asst. U. S. Atty., for appellant.

Elias Rosenthal, for appellee.

Before COXE, WARD, and NOYES, Circuit Judges.

COXE, Circuit Judge. The appellee, Antonios Bougadis, an alien, arrived here March 28, 1910, on the steamship Martha Washington, where he had taken a second cabin passage from Greece under the name of Dimitrios Papos. He was admitted as a citizen upon the production of citizenship papers issued to said Papos by the County Court of Westchester county, N. Y. He was arrested upon a warrant issued by the Department of Commerce and Labor, and the facts were fully investigated before a board of special inquiry, which found that he had secured admission to this country by false representations as stated. On these facts the board recommended his deportation.

[1] There can be no doubt whatever that the appellee came here under the name of Dimitrios Papos, and secured admission as a citizen by falsely representing himself to be Dimitrios Papos, and presenting naturalization papers issued to said Papos. In other words, he secured

his admission to this country by fraud. The immigration act of 1907 provides that any alien who shall enter this country in violation of law shall be deported to the country from whence he came. We are of the opinion that an alien who falsely represents himself to be a citizen, and by such artifice and fraud secures admission to this country, has entered contrary to and in violation of law. Any other construction would render the act abortive, if the alien succeeds in consummating his fraud. The most undesirable immigrant may in this way secure admission to the country. He may be diseased, a criminal and a pauper, and yet evade the law intended to discover his physical, moral and financial status. One who by fraud succeeds in circumventing the law, and who thus secures advantages to which he is not entitled, violates the law.

[2] In our judgment, the direction of the verdict upon the trial of the indictment is not res judicata of the present proceeding. That was a criminal trial, under section 79 of the Criminal Code (U. S. Comp. St. Supp. 1909, p. 1414), in which the government was required to establish the defendant's guilt beyond a reasonable doubt. This is a proceeding under an entirely different law, instituted by executive officers of the government to ascertain whether an alien should be deported. It is not a criminal trial. No punishment has been or can be inflicted. The department charged with the administration of the law has decided, on ample evidence, that the appellee was improperly admitted to this country. As was said by the Supreme Court in Turner v. Williams, 194 U. S. 279, at page 289, 24 Sup. Ct. 719, at page 722, 48 L. Ed. 979:

"Repeated decisions of this court have determined that Congress has the power to exclude aliens from the United States; to prescribe the terms and conditions on which they may come in; to establish regulations for sending out of the country such aliens as have entered in violation of law, and to commit the enforcement of such conditions and regulations to executive officers; that the deportation of an alien who is found to be here in violation of law is not a deprivation of liberty without due process of law, and that the provisions of the Constitution securing the right of trial by jury have **no** application."

The order discharging the appellee is reversed.