**UNITED STATES ex rel. GENTILE v. DAY, Commissioner of Immigration.**

Circuit Court of Appeals, Second Circuit. April 9, 1928.

No. 310.

Aliens ⬅51½—Italian clarinetist, admitted for temporary stay, did not forfeit exemption as "artist" by failing to claim it originally (Comp. St. § 4289½a(d); 8 USCA § 155).

Italian clarinetist, who was "artist," within Comp. St. § 4289½a(d), held not to lose his exemption from quota for that reason, because on his arrival he was admitted as visitor, so that, having resigned position in band and become shoemaker, he cannot be deported after expiration of time for temporary stay; 8 USCA § 155, being inapplicable, and rule 24, subd. E, promulgated by Secretary of Labor July 1, 1925, requiring alien admitted on temporary visit to apply for extension, being inapplicable to alien whose leave had expired before it went into effect.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Artist.]

Appeal from the District Court of the United States for the Southern District of New York.

Habeas corpus by the United States, on the relation of Vincenzo Gentile, against Benjamin M. Day, Commissioner of Immigration. From an order dismissing the writ, issued to review an order of deportation, relator appeals. Order reversed, and relator discharged.

Appeal from an order of the District Court for the Southern District of New York dismissing a writ of habeas corpus issued to review an order of deportation.

Gentile, the relator, was a clarinet player in Italy, his country of origin, and there played both as a soloist and in the orchestra of a theater. On June 24, 1923, in company with some forty-five other players who called themselves "the Calabrian Veterans' Band," he arrived in New York and was admitted with his companions for a temporary stay of not more than six months, upon his statement that he came here to give concerts with the band and to go back within that period. He took part in only two concerts after his arrival, in Chicago and Pittsburgh, then threw up his position and came to live with his uncle in New York, where eventually he married and became a shoemaker. On September 10, 1925, he was arrested upon a warrant of deportation because at the time of his admission the Italian quota had been exhausted, and was ordered deported for the same reason.

The government does not assert that Gentile was not a genuine clarinetist, that a clarinetist is not an "artist" within the proviso to subdivision (d) of section 2 of the Act of May 19, 1921 (Comp. St. § 4289½a [d]), or that he was not "otherwise admissible." Nor does it assert that he secured his entry by deceit; that is, by pretending that he came for a temporary visit when in fact he meant to stay permanently. He was excluded because, having been admitted as a visitor, and his leave having expired, he forfeited his exemption as an "artist" by failing to claim it originally.

Gaspare M. Cusumano, of New York City, for appellant.

Charles H. Tuttle, U. S. Atty., of New York City (Abbot Low Moffat, of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

L. HAND, Circuit Judge (after stating the facts as above). We are to distinguish this case from one where the alien upon entry falsely swears that he comes for a temporary visit when in fact he means to stay permanently. Perhaps in such a case he is within section 19 of the Act of 1917 (8 US CA § 155) as a person who has entered "in violation of" a "law of the United States." The alien is required to testify to the truth at the hearing before a board of special inquiry under section 17 (8 USCA § 153), and,

if he procures his entry by deceit, it may be that he is within section 19, even though he might have got in for other reasons. With that we have nothing to do, for it was not found, nor is it argued, that Gentile intended to stay for more than six months when he was admitted.

When a man presents one reason for entry on his arrival, and later resists deportation for another, not originally put forward, the last is open to grave suspicion. We should not lightly upset its rejection by any tribunal charged with the duty of passing upon the facts. But that point also is not presented, for the government does not question that Gentile is really an "artist."

All we have here is the question whether an alien loses his exemption from the quota for one reason merely because upon his arrival he gets an exemption for another. It is quite true that, if he had presented his present ground originally, the board of inquiry might have rejected it, but by hypothesis that rejection would have been wrong and should have been corrected on appeal. There is no reason to assume that the opportunities for examination at that time were better than before the inspector, or that the government was prejudiced by the delay in its opportunity to ascertain the facts. The exemption is granted by the statute and is independent of the procedure for its determination; it should not be forfeited unless the alien's conduct has so clogged it that he ought not to assert it thereafter. We cannot see that this is such a case.

Subdivision E of Rule 24, promulgated by the Secretary of Labor on July 1, 1925, provides that an alien admitted on a temporary visit shall within fifteen days of its expiry apply for an extension if he wishes one. It may be that an alien in the relator's position, who fails so to apply, may be regarded thereafter as being here "in violation" of the law under section 19. We have not that question to decide, because there was no such rule in existence on December 24, 1923, when Gentile's leave expired. The rule cannot be understood as meaning that all aliens whose leave had expired before it went into effect should thereafter procure an extension. It was plainly prospective. While the rule may impose a reasonable condition upon the subsequent assertion of an exemption not claimed until the leave expired, it seems to us that some such legislative action by the Secretary was necessary before Gentile was required to take the initiative. The statute had given him the exemption unconditionally, and procedural limitations upon it must be

found either in existing regulations, or because its successful assertion would sanction an evasion of the policy of Congress.

The case being one in which the relator has concededly shown his right to remain, there is no further fact for the immigration authorities to decide, and the relator may be discharged forthwith.

Order reversed; relator discharged.