### SUBHI MUSTAFA SADI v. UNITED STATES.
### No. 239.

Circuit Court of Appeals, Second Circuit.
March 16, 1931.

Rehearing Denied April 20, 1931.

Frank J. McEwen, of New York City, for appellant.

Robert E. Manley, Acting U. S. Atty., of New York City (Frank W. Ford, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Before L. HAND, CHASE, and MACK, Circuit Judges.

CHASE, Circuit Judge.

This appears to be a case of unusual hardship, but the statute above quoted explicitly forecloses any right of the appellant to be admitted to citizenship on his pending petition. We do not now undertake to determine whether or not he was entitled to entry for permanent residence at the time he was admitted at Boston. The fact remains that he was not so admitted, and, while that record stands, he cannot comply with the statute requiring his lawful entry for permanent residence to be established. See In re Wieg (D. C.) 30 F.(2d) 418.

It is urged that the order sustaining the writ of habeas corpus fixed his status as that of an alien admitted for permanent residence. To the extent that it had the effect of preventing his deportation upon the warrant which had then been issued, it did, of course, lend some color of permanence to his stay, in that

he successfully withstood that attempt to deport him, but it did not change in any respect the terms and conditions of his original entry. It simply gave effect to the right he then possessed to remain in this country notwithstanding the order of deportation which had been issued. In respect to his ability to lay an essential foundation for his admission to citizenship, he stands in exactly the same situation he would have been had no warrant for his deportation been issued and no writ of habeas corpus sustained in his behalf. So far as the record shows, the writ was sustained on the ground that this appellant was quota exempt. Proof of residence that may, perhaps, become permanent because this alien was not deportable under a warrant that was issued and may not be deportable at any future time, dependent wholly upon what the future may bring forth, is certainly not the same as proof of his lawful entry for permanent residence. Of course, the order sustaining the writ of habeas corpus neither necessarily involved the determination that he had lawfully entered for permanent residence, nor does it appear that it was based on any such ground.

Order affirmed.

### On Petition for Rehearing.

The petitioner is mistaken in the belief that we held the certificate of admission invalid. Whether it is valid or not, his proof of an essential fact is short. It did not show that he was admitted for permanent residence, and, with the records at Boston as they now stand he cannot prove that he was. That makes it impossible for him to prove what was necessary even before the Act of March 2, 1929 (45 Stat. 1512) took effect, In re Wieg (D. C.) 30 F.(2d) 418, and so we held that he could not be admitted to citizenship on his pending petition, since he could not show that he had in fact been admitted for permanent residence as the statute requires.

Nor can the petitioner take anything from the Act of June 7, 1924 (8 USCA § 228). Subdivision (1) relates wholly to aliens who were not only admitted before June 7, 1924, but were admitted in excess of quota and charged to the quota of a later month; while subdivision (2) applies to aliens admitted before June 7, 1924, under a construction of the Act of May 19, 1921 (42 Stat. 5), required by court decision. But, so far as has been made to appear, his admission as a student for a period of two years was not under any construction of the 1921 act required by any court decision. Subdivisions (3) and (4) so clearly relate to other classes of cases that they cannot possibly apply to him.

Indeed, it is not clear how it came about that he was admitted for two years only as a student, but that limitation was put upon his admission and with that fact he is now faced. He may have been admitted because it was thought that as a student he was entitled to enter temporarily on business or pleasure. It is idle to speculate on the reason now, for, whether it was a good one or not, the conditional entry accorded him was the only one he ever had.

To be sure, his discharge on the writ of habeas corpus did, as we said before, establish his right to remain in this country in spite of the effort then being made to deport him, but, because it did not necessarily require proof that he had been admitted for permanent residence, it now is of no aid to him when he must show that fact as a condition precedent to the validity of his petition for naturalization. See U. S. ex rel. Gentile v. Day (C. C. A.) 25 F.(2d) 717.

This petitioner would, no doubt, make a desirable citizen, and it is unfortunate that he was admitted, through no fault of his own, in a way which leaves us powerless to grant the relief he seeks. Perhaps Congress will see fit to do what we cannot.

Petition denied.