## BRYMER v. UNITED STATES.
### No. 8010.

Circuit Court of Appeals, Ninth Circuit.
April 9, 1936.

Thomas D. Page, of Seattle, Wash., for appellant.

J. Charles Dennis, U. S. Atty., and F. A. Pellegrini, Asst. U. S. Atty., both of Seattle, Wash.

Before WILBUR, MATHEWS, and HANEY, Circuit Judges.

WILBUR, Circuit Judge.

Appellant was denied citizenship upon his application for naturalization on the ground that he had unlawfully entered this country in 1907.

Appellant was born in York county, N. B., Canada, November 30, 1874. He entered the United States in 1892, and in November, 1895, was convicted of voluntary manslaughter and sentenced to Colorado State Penitentiary for a period of 8 years. He was discharged January 30, 1901, and remained in the United States until 1906, when he returned to Canada. He re-entered the United States October 20, 1907. The position of the appellant is thus stated: "The petitioner's position is simply this, that his entry in 1891 was lawful and that his re-entry in 1907 was lawful in that he was a citizen of Canada and that by virtue of the law of February 1, 1924, subdivision F, paragraph One, Section 13-B [8 U.S.C. A. § 213(b)], Act of 1924; and the further ground that he was only temporarily out of the United States, the record being silent as to any intent to give up his residence of practically sixteen years in the United States at the time he returned to Canada in 1906, and therefore had not been guilty of a crime committed prior to entry"—citing, U. S. ex rel. Linklater v. Commissioner of Immigration at Ellis Island (D.C.) 36 F. (2d) 239.

The question of what constitutes an entry within section 19 of the Immigration Act of 1917 (8 U.S.C.A. § 155), after some disagreement of the lower courts, has been finally settled by the Supreme Court in United States ex rel. Volpe v. Smith, 289 U.S. 422, 53 S.Ct. 665, 77 L.Ed. 1298. Appellant's entry was unlawful because of his previous conviction of a felony involving moral turpitude. Immigration Act 1907, effective July 1, 1907, 34 Stat. pp. 898, 899, § 2; 8 U.S.C.A. § 136, subd. (e); United States ex rel. Volpe v. Smith, supra; Pillisz v. Smith (C.C.A.) 46 F.(2d) 769. His unlawful re-entry precludes naturalization. Act of March 2, 1929, c. 536, § 4, 8 U.S.C. A. § 377b. Subhi Mustafa Sadi v. United States (C.C.A.) 48 F.(2d) 1040. The Immigration Act of 1924, § 13(b) (8 U.S.C.A. § 213(b), relied upon by appellant, does not authorize an entry of an immigrant expressly excluded by law because of the commission of a felony involving moral turpitude. 8 U.S.C.A. § 136(e), supra.

Order affirmed.