### WERBLOW v. UNITED STATES.

#### No. 133.

Circuit Court of Appeals, Second Circuit.

April 8, 1943.

Kaufman & Cronan, of New York City (Samuel H. Kaufman, Milton S. Gould, and Kenneth Slocum, all of New York City, of counsel), for petitioner-appellant.

Mathias F. Correa, U. S. Atty., of New York City (Marvin M. Notkins, Asst. U. S. Atty., of New York City, of counsel), for respondent.

Before L. HAND, CHASE, and CLARK, Circuit Judges.

CHASE, Circuit Judge.

The appellant is an alien who was lawfully admitted to this country for permanent residence in 1907. After about three years he began the pretense that he was a native born American citizen and maintained that for many years, during part of the time serving in the armed forces of the United States in the first World War. In 1922 he applied for and received an American passport. In 1923 he caused a false record of his bir'h to be made nunc pro tunc in Fort Morgan, Colorado, and in 1929 obtained another passport on his false representation that he was a native American. He traveled on this passport to France and to Switzerland and returned to this country on it through Canada in 1930. He made this trip intending to return to the United States and upon his return he was compelled to surrender the passport he had fraudulently obtained. He has since been to Canada and returned, without any quota visa or reentry permit. He filed a petition for naturalization in the District Court for the Southern District of New York, on November 1, 1933. Curiously enough he gave his status as that of a native born American citizen but stated that for the purposes of

his petition he would concede that he was an alien and a native of Holland. His petition was denied by the district judge who elected to select from several reasons relied on by the government the one that the applicant was not of good moral character. Appellant now concedes that his former application was rightly rejected for that reason.

With this background the appellant, who has achieved considerable success in business, has applied again for American citizenship having waited more than five years after his first attempt. He avowed that he had reformed and had been for the requisite period of good moral character.

Rather extensive hearings were conducted by an examiner who reported by recommending that the petition be denied because of "no legal residence; good moral character not satisfactorily established; eligibility under Act June 21, 1939, not established." The District Court denied his application on the ground that he was not eligible under the Alien Veterans Naturalization Act, 47 Stat. 165, as amended by 53 Stat. 851, 8 U.S.C.A. § 392b, 724 note, since repealed by Act Oct. 14, 1940, c. 876, Title I, subch. V, § 504, 54 Stat. 1172, 8 U.S.C.A. § 904. One of the conditions that statute imposed was that an alien who invoked its provisions "shall be required to prove that immediately preceding the date of his petition he has resided continuously within the United States for at least two years, in pursuance of a legal admission for permanent residence, * * *." The court relied entirely upon the failure to prove such continuous residence here.

If what is a legal admission for permanent residence for the purposes of naturalization is to be determined in accordance with the immigration laws it is clear that the appellant had not resided in this country for at least two years immediately preceding the date of his petition in pursuance of a legal admission for permanent residence. Under such laws his entry in 1930 was the entry under which he lived here after he came in that time. United States ex rel. Volpe v. Smith, 289 U.S. 422, 53 S.Ct. 665, 77 L.Ed. 1298; United States ex rel. Polymeris v. Trudell, 284 U.S. 279, 52 S.Ct. 143, 76 L.Ed. 291; Del Castillo v. Carr, 9 Cir., 100 F.2d 338. This sort of entry by an alien fraudulently as an American citizen to avoid exclusion either as a quota immigrant without an immigration visa or as a non-quota immigrant without a reentry permit has already been held unlawful by this court. United States ex rel. Lamp v. Corsi, 2 Cir., 61 F.2d 964. See, also, Williams v. United States ex rel. Bougadis, 2 Cir., 186 F. 479. As he thereafter had no lawful residence to which to return his goings to Canada and his reentries are of no present significance.

■■ What the appellant does rely on, however, is his theory that some other law is applicable in naturalization proceedings and that his lawful entry for permanent residence in 1907 has, under the naturalization laws, given him a fixed permanent lawful residence under which he has since been living whenever he has been in this country regardless of his subsequent departures and returns. When aliens enter the United States they are lawfully here for permanent residence only if they have complied with the requirements of the laws of this country applicable to the incoming of such people. Those laws are the immigration laws and so far as we know, or the appellant has been able to point out, are the only laws under which the right, or the contrary, of an alien to come here and stay may be determined. When the nature of his residence in the United States has been so determined, his status under the naturalization laws is established so far as that feature is concerned. They set up no different general standards of their own in that regard. And this particular restriction in the special statute granting certain privileges to alien veterans which limited the grant to those who could prove a continuous residence of at least two years immediately preceding their application and one pursuant to a "legal admission for permanent residence" did not undertake to define the quoted phrase. Consequently, unless the alien veteran could qualify by proof of a permanent legal residence under applicable existing law and then show that he had lived here continuously under that status for at least two years just preceding his application as the special naturalization law required he could not take advantage of the special act. Subhi Mustafa Sadi v. United States, 2 Cir., 48 F.2d 1040; Brymer v. United States, 9 Cir., 83 F.2d 276.

Affirmed.