MATTER OF Y——

In DEPORTATION Proceedings

A-7205042

*Decided by Board October 1, 1958*
*Commissioner's Motion November 6, 1958*
*Decided by Board February 2, 1959*

**Deportability—Entry without inspection by falsely claiming United States citizenship—Exemption under section 7, Act of September 11, 1957.**

Discretionary grant of documentary waiver under section 211(b) of the Immigration and Nationality Act and the application of section 7 of the Act of September 11, 1957, relieve permanent resident alien from deportability based on entry without inspection by falsely claiming United States citizenship.

DEPORTABLE: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Immigrant without visa—Section 212(a)(20) of the act [8 U.S.C. 1182(a)(20)].

BEFORE THE BOARD
(October 1, 1958)

**Discussion:** The respondent is an 18-year-old single male, a native of Scotland and national of Great Britain, who repeatedly entered the United States in 1956 and 1957 by representing himself to be a citizen of the United States. He last entered on a non-specified date in October 1957. On the occasions of his entries, he would have been admissible upon the presentation of an Alien Registration Card. An Alien Registration Card had been issued to him but he had lost it and had taken no steps to have it replaced. He, therefore, represented himself to be a citizen to gain entry on return from visits to Canada.

From the facts, it is clear that at the time of his entry the respondent was inadmissible as one who was not in possession of the appropriate documents, and as one who sought to enter by fraud or misrepresentation. After he had gained entry, he was deportable on the ground that he had entered without inspection and as one who had been inadmissible at time of entry. The special inquiry officer ruled that the grounds not based on lack of documents all stem from the fact that the respondent sought to enter by fraud or misrepresentation and were encompassed by the first sentence of

143

section 7 of Public Law 85–316 (Act of September 11, 1957). He held that the respondent being relieved from liability to deportation because of the entry without inspection was admissible except for the lack of documents. Exercising section 211(b) of the Immigration and Nationality Act, the special inquiry officer granted a waiver of the documentary requirements which existed at the time of the respondent's numerous entries.

We believe that the action of the special inquiry officer was proper. Public Law 85–316 is remedial and should be interpreted as far as possible to permit adjustment of status without requiring family separations. Under the first sentence of section 7 of Public Law 85–316, Congress intended to give lawful residence to a person who fell within its terms. Under section 211(b) of the Immigration and Nationality Act (8 U.S.C. 1181(b)) the Attorney General is authorized to admit without documents an alien lawfully admitted for permanent residence who departed from the United States temporarily. Utilizing both these provisions at the same time, it becomes proper to terminate proceedings without requiring the respondent to depart from the United States and apply for a waiver of grounds of inadmissibility under the last part of section 7 and the provisions of section 5 of Public Law 85–316. However, the situation presented here must be distinguished from one where the discretion to exercise section 211(b) will not be exercised. In such a case, the alien must be considered inadmissible at the time of entry because of the lack of documents. This will prevent the alien from coming within the terms of section 7, for the section requires that the alien have been admissible in all respects except for the fact that fraud had been committed. Then, when a waiver of documents is not granted, the charge of entry without inspection would be sustained.

**Order:** It is ordered that no change be made in the order of the special inquiry officer terminating proceedings.

**BEFORE THE CENTRAL OFFICE**
(November 6, 1958)

**Discussion:** The respondent was lawfully admitted to the United States for permanent residence on June 2, 1949, and he thereafter reentered this country upon numerous occasions by falsely claiming United States citizenship. By decision dated October 1, 1958, the Board concluded that immigration status could be adjusted by the grant of a waiver of documents under section 211(b) of the Immigration and Nationality Act and by utilizing the provisions contained in section 7 of Public Law 85–316 approved September 11, 1957, with respect to liability to deportation because of the entry without inspection. The Service contends that section 7 of Public

144

Law 85-316 has no application to deportability by reason of entry without inspection.

In legal contemplation, there is no distinction between an entry without inspection resulting from a surreptitious entry and one resulting from a false claim to United States citizenship (*United States ex rel. Volpe v. Smith*, 62 F.2d 808 (C.C.A. 7, 1933), affirmed 289 U.S. 422). Neither the Immigration Act of 1917 nor the present Immigration and Nationality Act of 1952 contains express language covering an entry by falsely claiming citizenship. The charge is founded upon the premise that one who enters by falsely claiming citizenship evades all inspection as an alien under the immigration laws and, therefore, enters without inspection (*Matter of C——V——*, 1 I. & N. Dec. 385 (1943)).

A substantial distinction exists between gaining entry by fraud or willful misrepresentation and gaining entry without inspection. The applicant for admission who admits alienage is inspected as to his physical, mental, and moral qualifications for admission to the United States even though he may have deceived the examining officer as to some material element. However, a citizen is accorded no inspection under the immigration laws and he consequently is not examined as to those prerequisites.

No other false or fraudulent representation can accomplish its unlawful purpose so effectively as the false claim to citizenship which precludes any inspection under the immigration laws, precludes determination as to whether the applicant is diseased, criminal, insane, or subversive, and prevents inquiry into compliance with the quota provisions of the law (*United States ex rel. Volpe v. Smith*, 62 F.2d 808 (C.C.A. 7, 1933), affirmed 289 U.S. 422; *Williams v. United States*, 186 Fed. 479 (C.C.A. 2, 1911); *Ex parte Greaves*, 222 Fed. 157 (D.C. Cal., 1915)). This misrepresentation achieves not only the fraudulent procurement of a document or entry but the complete absence of any inspection of the applicant as an alien in order to determine admissibility.

Congress waived only the misrepresentation or fraud and not any grounds of excludability concealed thereby (*Matter of S——*, 7 I. & N. Dec. 715). It would be inconsistent and contrary to the congressional purpose to hold that a false claim to citizenship which precludes all inquiry into admissibility is waived but that the statutory provision has no application unless the alien is "otherwise admissible." Nothing contained in Public Law 85-316 supports the view that a surreptitious entry or any entry accomplished by evasion of inspection was intended to be waived.

Analysis of other provisions of the immigration laws will also demonstrate that the entry without inspection charge based upon a false claim of citizenship is not within the contemplation of

145

section 7 of Public Law 85–316. Section 7 waives only those provisions of section 241(a) of the Immigration and Nationality Act which relate to the deportation of aliens on the ground *that they were excludable at the time of entry* because they sought to procure or procured documentation or entry by fraud or misrepresentation. However, entry without inspection as defined by section 241(a)(2) is a ground of deportation and not a ground of exclusion. Unless entry is actually effected, there is no charge under section 241(a)(2).

In *Matter of M——*, 5 I. & N. Dec. 642 (1954), the alien had gained entry by falsely claiming citizenship and applied for a waiver under section 212(c) of the Immigration and Nationality Act. Despite the fact that inadmissibility under section 212(a)(19) of the Immigration and Nationality Act may be waived by the exercise of the discretion contained in section 212(c), relief was denied because the charge in section 241(a)(2) is solely a ground of deportation and not a ground of exclusion. (See also *Matter of T——*, 5 I. & N. Dec. 389.) The first portion of section 7 of Public Law 85–316 relates to the same class of persons described in section 212(a)(19) and to no others. Consequently, there is no more justification to apply section 7 to a deportation charge predicated upon section 241(a)(2) than to apply section 212(c). Section 7 requires termination of proceedings only with respect to aliens who were *excludable on* specified grounds *at time of entry* and not to one deportable *after entry* by reason of entry without inspection.

The order to show cause in this case contains no charge under section 241(a)(2) although upon numerous occasions during 1956 and 1957 the respondent gained entry without documents by falsely claiming citizenship. To qualify for a waiver of documents under section 211(b) of the Immigration and Nationality Act, the alien must establish that he previously was lawfully admitted for permanent residence. However, an alien who gained entry by falsely claiming citizenship is illegally in the United States and is not eligible for a waiver of documents with respect to subsequent entries (*Matter of A——*, 7 I. & N. Dec. 518; *Matter of H——*, 6 I. & N. Dec. 738 (1955)). Since the respondent cannot qualify for a waiver of documents, the inclusion of the additional charge based upon the entry without inspection would appear to be superfluous. By reason of his entry without inspection, the respondent is not eligible for a waiver of documents and the documentary charge is sustained.

It should be noted that the respondent herein is not permanently debarred from the United States by reason of his entry upon a false claim of citizenship (*Matter of M——*, 6 I. & N. Dec. 752 (1955)).

His immigration status may be readily adjusted by departure and reentry with an immigrant visa.

The respondent herein is deportable from the United States by reason of his entry without inspection. Section 7 of Public Law 85–316 is applicable only to persons who were excludable from the United States at time of entry and may not be utilized to waive a ground of deportation predicated upon section 241(a)(2) of the Immigration and Nationality Act. An alien deportable for entry without inspection is not eligible for a waiver of documents with respect to subsequent entries. In view of the foregoing, respondent is deportable on the charge contained in the order to show cause.

*Motion is hereby made* that the Board of Immigration Appeals reconsider and withdraw the order dated October 1, 1958, terminating proceedings and that an order be entered finding the respondent deportable on the charge contained in the order to show cause.

### BEFORE THE BOARD
(February 2, 1959)

**Discussion:** The Service asks that the Board order of October 1, 1958, terminating proceedings be withdrawn and that the respondent be ordered deported on the charge stated above. The motion will be denied.

Respondent, an 18-year-old single male, a native of Scotland and national of Great Britain, was admitted to the United States for permanent residence in 1949. He entered the United States on several occasions in 1956 and 1957 by representing himself to be a citizen of the United States. He had been issued an Alien Registration Card which would have authorized his admission but the card had been lost while he was in high school and he took no steps to have it replaced. The special inquiry officer terminated proceedings. We approved the action. We held that at the time the respondent sought entry he was inadmissiblbe as one who did not have the appropriate documents and as one who sought to enter by fraud or misrepresentation. Under section 211(b) of the Immigration and Nationality Act (8 U.S.C. 1181(b)), we approved the special inquiry officer's waiver of the documents needed at the time of respondent's entries. The pertinent portion of section 7 of P.L. 85–316 requires termination of deportation proceedings where the deportation is sought of an alien who would have been admissible except for the fact that he made a misrepresentation to secure entry. We held that section 7 would eliminate any matters that arose out of the fact that respondent entered by misrepresenting his nationality.

The actual charge which is the basis for deportation proceedings alleges only that the respondent had been excludable at the time of

entry because he did not have a visa. However, we pointed out that at the time of entry the respondent was excludable not only on the documentary ground, but also on the ground that he was in the class of those who seek to enter by fraud or misrepresentation, and that after he had gained entry the respondent also became deportable as one who had been inadmissible at the time of entry (for lack of documents, and as one who sought to enter by fraud or misrepresentation) and on the additional ground that he had entered without inspection. We may add that he is also deportable as one who is in the United States in violation of law (section 241(a)(2), Immigration and Nationality Act, 8 U.S.C. 1251(a)(2)).

The Service bases much of its case on the fact that respondent is subject to deportation on the charge that he had entered without inspection. "Entry without inspection" is the term describing either an entry made by a false and misleading statement as to United States citizenship or one made surreptitiously (*Matter of C——V——*, 1 I. & N. Dec. 385). Our discussion has no bearing whatsoever with an alien who entered surreptitiously. The respondent did enter on a claim to United States citizenship. The charge "entry without inspection" could have been sustained. The Service position is that section 7 cannot bring about termination of proceedings where the charge of "entry without inspection" is sustained. The Service reasons that the "entry without inspection" charge is not based on the fact that the alien was excludable at the time of entry as one who sought to procure documents or entry by fraud, whereas the pertinent portion of section 7 speaks only of the deportability of an alien who was excludable at the time of entry as one who sought or did procure documents or entry by fraud or misrepresentation. The Service analysis overlooks the fact that the alien is deportable upon a ground which does bring him within the language of section 7. The charge which does bring the respondent within the scope of section 7 arises out of the fact that an alien who seeks to enter by fraud or misrepresentation is excludable for that reason (section 212(a)(19), Immigration and Nationality Act, 8 U.S.C. 1182(a)(19)). At the time the respondent made application to enter, he was excludable as one seeking to enter by fraud or misrepresentation (*Matter of C——V——*, 1 I. & N. Dec. 385). After he made entry as a result of false statements, he became deportable as one who had been excludable at the time he applied for admission because he had been in the class of those who seek to enter by fraud or misrepresentation (section 241(a)(1), Immigration and Nationality Act). This charge is in the terms of one of the classes described in section 7. The section should, therefore, apply. The basic wrong is the application to enter made in the terms described by section 7. The fact that respondent is also deportable upon another charge arising

148

out of his false statements is no more material than the fact that a person who is deportable as one who was excludable because he had procured a document by fraud (a ground of deportation which is terminated by section 7), is also deportable on grounds not mentioned in section 7; namely, that he did not have a visa (section 241(a)(1)), or that he is in the United States in violation of a law of the United States (section 241(a)(2), Immigration and Nationality Act, 8 U.S.C. 1251 (a)(2)), (the very section which also contains the charge concerning entry without inspection), or that he committed perjury by his false statements (section 212(a)(9), Immigration and Nationality Act, 8 U.S.C. 1182(a)(9), and section 241(a)(1), Immigration and Nationality Act).

There is another reason equally valid for holding that section 7 controls even though a ground of deportation is not couched in the terms of the section. We have held that section 7 applies even where a charge is not based on the very language of section 7 and section 241(a)(1) of the Immigration and Nationality Act relating to the obtaining of entry by fraud or misrepresentation. In order to carry out the intent of Congress, we have found it necessary to interpret the first part of section 7, insofar as it relates to fraud or misrepresentation, as describing in *general terms* aliens whose documentation or entry was procured by fraud or misrepresentation, regardless of the section of the statute under which they were deportable. On the basis of such reasoning we interpret the section to include not only the procurement of a document by fraud but also, even though it is not mentioned in section 7, any *perjury* which may have been committed in connection with the fraudulent procurement of documents (or entry). The intent of Congress was clearly to save from deportation those aliens who were admissible except for the fact that they had made fraudulent statements. Therefore, any ground of inadmissibility based upon the fact that the fraudulent statement existed is excused. The fact that the misrepresentation in a particular case may give rise to a ground of deportation such as the lack of a proper document or entry without inspection does not change the basic fact that documentation was procured by fraud or that entry was procured by fraud. Substance, not shadow, must prevail. This is remedial legislation with the primary purpose of preventing family separation (*Matter of S——, 7 I. & N. Dec. 715*).

Although the Service argues that it was not congressional intent to excuse a misrepresentation which concealed the fact that the person concerned was an alien, we see no reason why a misrepresentation as to citizenship is in a different category than any other material misrepresentation which is excused by the act. In both cases only the misrepresentation is excused, no qualitative ground of de-

149

portation is excused. There is no reason for treating one misrepresentation differently from another insofar as the general class described by section 212(a)(19) of the Immigration and Nationality Act is concerned. Applying the rule to this case, we must conclude that section 7 would apply. The respondent's representation that he was a citizen is excused and so would any charge based on what he had done in establishing that he was a citizen. Of course, any qualitative ground of inadmissibility arising out of the commission of criminal or subversive acts is not waived, and the existence of such grounds would make respondent one who was not otherwise admissible at the time of his entry, and, therefore, one who did not come within the terms of section 7. Such grounds of inadmissibility do not exist here.

The Service states that the waiver of documents was not effective to cure the documentary deficiency which existed in this case. The first sentence of section 7 removes the illegal entries as a ground of deportability. The waiver under section 211(b) for each entry removes the deportable charge based upon the lack of a document. *Matter of A——*, 7 I. & N. Dec. 518, and *Matter of H——*, 6 I. & N. Dec. 738 (1955), cited in the motion, are not to the contrary. In both cases the aliens had made illegal entries which could not be cured because section 7 was not in existence.

The motion points out that respondent is not permanently debarred from the United States by reason of his entry upon the misrepresentation but may depart from the United States readily and reenter with an immigrant visa. The poor economic condition of the respondent and his father makes it a matter of hardship for him to depart and obtain an immigrant visa. Moreover, the Service position would establish a principle which would be applicable to an individual who could not readily enter Canada but might have to go to a far distant country to obtain a visa. There is no reason to limit the administrative authority which the statute gives. There is a positive need for such administrative power. Safeguards in its exercise exist since there must have been a lawful admission for permanent residence and, where documents are needed, a discretionary waiver of documentary requirements.

**Order:** It is ordered that the motion be and the same is hereby denied.

150